McIntosh v Department of Educ. of the City of N.Y. (2022 NY Slip Op 00818)





McIntosh v Department of Educ. of the City of N.Y.


2022 NY Slip Op 00818


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 112314/11 Appeal No. 15256 Case No. 2020-03980 

[*1]Alice McIntosh, Plaintiff-Appellant,
v
The Department of Education of the City of New York et al., Defendants-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Daniel Edward Dugan of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 10, 2020, which granted the motion of defendants The Department of Education of the City of New York and The City School District of the City of New York (together, the DOE) for summary judgment dismissing plaintiff's age and race discrimination claims under the New York City and New York State Human Rights Laws, unanimously affirmed, without costs.
The DOE offered evidence in admissible form of one or more nondiscriminatory motivations for its actions; accordingly, we need not determine whether a prima facie case of discrimination has been established (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 200 [1st Dept 2015]; see also United States Postal Service Bd. of Governors v Aikens, 460 US 711, 715 [1983]). Rather, the question is whether the DOE has sufficiently met its initial burden as the moving party of showing that "there is no evidentiary route" that could allow a fact-finder to believe that discrimination played a role in plaintiff's dismissal from her position (Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). The DOE has, in fact, made that showing, by submitting testimony and documents demonstrating that plaintiff, a probationary teacher, was dismissed because she failed to conduct and submit assessments as required, failed to provide lesson plans and conduct records when asked, proved to be an ineffective teacher, and admitted to being outside the building during part of an instructional period without requesting permission or arranging for coverage of her class by another teacher (see e.g. Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 510 [1st Dept 2019]).
For her part, plaintiff failed to show that the DOE's proffered reasons for dismissing her were false, misleading, or incomplete (see Cadet-Legros, 135 AD3d at 200; see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 76 [1st Dept 2017]), or that the DOE had a mixed motive — that is, that the dismissal was motivated, at least in part, by discriminatory bias (Hamburg, 155 AD3d at 76; see Melman v Montefiore Med. Ctr., 98 AD3d 107, 127 [1st Dept 2012], citing Williams v New York City Hous. Auth., 61 AD3d 62, 78 n 27 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). Instead, plaintiff presented only hearsay and conclusory statements without factual evidence (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). As to plaintiff's assertion that another teacher had engaged in similar misconduct yet was not subject to
disciplinary action, plaintiff failed to aver that administrators even knew about the purported misconduct by the other teacher (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022